IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


TOMMY J. HERRERA,

        **Plaintiff,**

v.                                                   CIV No. 14-1128 LH/KBM

TAMMIE LYNN BRERETON and
AMERICAN FAMILY INSURANCE,

        **Defendants.**


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte*, following its review of the Plaintiff's Complaint for Negligence and Punitive Damages (ECF No. 1-2) as well as the Notice of Removal (ECF No. 1), which resulted in this lawsuit being filed in federal court. The Court, having considered the pleadings on file, as well as applicable law, questions whether or not subject matter jurisdiction exists in this case. As described herein, the parties are directed to submit supplemental information to the Court. If such information does not establish that subject matter jurisdiction exists, this matter will be remanded to the First Judicial District Court for the County of Santa Fe, State of New Mexico.


## I.  BACKGROUND

On October 21, 2014, Plaintiff Tommy J. Herrera filed suit in the First Judicial District Court, County of Santa Fe, State of New Mexico, Cause No. D-101-Cv-2014-02307, against Defendants Brereton and American Family Insurance. In his Complaint, Plaintiff alleges the

following: on June 6, 2014, he was operating his motorcycle on Interstate 25 when Defendant Brereton lost control of her vehicle; that in order to avoid striking Defendant Brereton's vehicle, Plaintiff braked and "laid down his motorcycle;" that as a direct result of Defendant Brereton's negligence, Plaintiff "suffered injuries in the form of medical expenses, physical impairment, pain and suffering, loss of household services, and loss of enjoyment of life, in an amount to be proven at trial." (ECF No. 1-2 ¶¶ 6, 7). Further, he alleges that Defendant Brereton's reckless and/or grossly negligent driving warrants the imposition of punitive damages (*Id.* ¶¶ 8, 9, 10).

On December 15, 2014, Defendants removed the matter to this Court, asserting federal subject matter jurisdiction on the basis of diversity of citizenship (ECF No. 1). Defendants assert that there is complete diversity of citizenship between Plaintiff and Defendants, because Plaintiff is a resident of New Mexico, while Defendant Brereton is a resident of Colorado, and Defendant American Family Insurance is a resident of Wisconsin.

In their Notice of Removal, Defendants acknowledge that Plaintiff does not mention a sum certain with regards to damages. (*Id.* ¶ 12). Defendants' Notice contains only the following basis for asserting the requisite jurisdictional amount: "With Plaintiff's allegations of punitive damages and a demand for policy limits, it reasonably appears that Plaintiff's claims exceed $75,000.00." (*Id.*).

## II. LEGAL STANDARDS

An action is removable from state court if the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a federal district court possesses original subject-matter jurisdiction over a case when the parties are

diverse in citizenship and the amount in controversy exceeds $75,000.00.  *See Johnson v. Rodrigues,* 226 F.3d 1103, 1107 (10th Cir. 2000).

The Federal Rules of Civil Procedure direct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  *Tuck v. United Services Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quoting FED.R.CIV. P. 12(h)(3)).  The Court has a duty to determine the matter *sua sponte. Id.*  A court lacking jurisdiction must dismiss the cause at any stage of the proceedings when it becomes apparent that jurisdiction is lacking.  *Penteco Corp. Ltd. Partnership –1985A v. Union Gas. Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)(citation omitted), *abrogated on other grounds, Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547 (2014).  A removal notice must plausibly allege on its face that the amount in controversy requirement is met, and evidence supporting these allegations must be submitted only "when the plaintiff contests, or the court questions, the defendant's allegation."  *Dart Cherokee Basin Operating Co.*, 135 S.Ct. at 554.  If such evidence is necessary, the burden is on the defendant seeking removal "to prove jurisdictional facts by a 'preponderance of the evidence' such that the amount in controversy may exceed $75,000."  *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

**III. ANALYSIS**

  **A. Citizenship of the Parties**

  As noted above, Defendants' Notice of Removal asserts jurisdiction based on diversity of citizenship as provided for in 28 U.S.C. §1332(a), which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --- (1) Citizens of different States." When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, *see* 28 U.S.C. 1441(a), provided that no defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Jurisdiction under section 1332 requires diversity of *citizenship.* The party asserting jurisdiction must plead citizenship distinctly and affirmatively. *See Whitelock v. Leatherman,* 460 F.2d 507, 514 (10th Cir. 1972)("[A]llegations of mere 'residence' may not be equated with 'citizenship' for purposes of establishing diversity."); *See*, 15 MOORE'S FEDERAL PRACTICE § 102.31 (3d ed.2014)(party asserting jurisdiction should allege that he or she is a citizen and carefully allege facts establishing each party's citizenship). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when such residence is coupled with an intention to remain in the state indefinitely. *Crowley v. Glaze,* 710 F.2d 676, 678 (10th Cir. 1983). A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c).

  The facts set forth in the Complaint and in the Notice of Removal do not sufficiently establish the citizenship of any of the parties. The Notice states that Plaintiff is a resident of the State of New Mexico, and that Defendant Brereton is a resident of the State of Colorado. It states

that Defendant American Family Insurance is a foreign for-profit insurance company with its principal place of business in Wisconsin. Nothing is stated insofar as whether this is a corporation, and if so, in which state it was incorporated. The Notice of Removal relies upon the language of the Complaint in its allegations about alleged citizenship of all three parties. The facts, in the Complaint and in the Notice, fail to properly state a basis for subject matter jurisdiction in this Court.

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300 (10th Cir. 1968). Technical defects, however, may be cured by amendment of the notice. *See id.* at 300-02 (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff). *See also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Whitelock,* 460 F.2d at 515 (permitting plaintiff 20 days to file verified amendment to complaint alleging, in addition to each party's residence, each party's citizenship at the time of filing of original complaint). As the Tenth Circuit explained in *Hendrix,* disallowing amendment in circumstances comparable to those in this case "would be too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." 390 F.2d at 301 (internal footnotes omitted).

For these reasons, the Court will allow Defendants the opportunity to file an amended notice of removal to properly allege diversity of citizenship of each party at the time of the filing

of the original complaint, in accordance with this opinion, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

### B. Amount in Controversy

The "amount in controversy" involves an inquiry into what a plaintiff potentially stands to gain from a lawsuit, or what the defendants' possible exposure to liability may be. *See* 15 MOORE'S FEDERAL PRACTICE § 102.109[1](3d ed. 2014). Based on the contents of the Complaint and the Notice of Removal, in this case the Court questions whether the amount in controversy requirement has been met.

Consistent with New Mexico pleading rules, Plaintiff's complaint did not set forth a specific amount in controversy. *See* N.M.R.A. 1-008(A)(3)(stating that a "complaint shall not contain an allegation for damages in any specific monetary amount" unless it is a necessary allegation of the complaint).

Although Plaintiff stated in his Complaint that he suffered injuries in the form of medical expenses and physical impairment resulting from the incident at issue, caused by his efforts to avoid striking Defendant Brereton's vehicle, Plaintiff provides no details about the nature, extent or duration of the alleged medical injuries or impairment. Moreover, while the Complaint seeks damages for pain and suffering, loss of household services, and loss of enjoyment of life, Plaintiff provides no details or facts as to these types of injuries either. There is simply no factual basis upon which the Court can rely, to assess what compensatory damages may be possible, based on the allegations in Count I of Plaintiff's Complaint.

Count II of Plaintiff's Complaint makes a claim for punitive damages. As a general matter, "[p]unitive damages may be considered in determining the requisite jurisdictional

amount." *Woodmen of World Life Ins. Society v. Manganaro,* 342 F.3d 1213, 1218 (10th Cir. 2003). Generally, a reasonable assessment of potential punitive damages is based on a multiplier of compensatory damages. As noted above, the Court is without a factual basis to assess compensatory damages, and is therefore likewise unable to assess what punitive damages may be possible.

In short, it does not appear clearly from the face of the Complaint that there is an evidentiary basis for concluding that the amount in controversy exceeds $75,000.00. Absent information as to potential compensatory and punitive damages, the Court is unable to make any reasonable inferences that Plaintiff's injuries give rise to a claim in excess of $75,000.00. Simply put, the Court is not satisfied, based upon the allegations of the Complaint, that Plaintiff's damages give rise to a claim in excess of $75,000.00.

Because the matter is not removable based on the contents of the initial pleading, the Court is left to evaluate the only other item in the record -- the Notice of Removal -- to determine if it sufficiently establishes the requisite amount in controversy. As already noted, a removal notice must *plausibly allege on its face* that the amount-in-controversy requirement is met. *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554. Defendants state in the Notice of Removal that, based on (1) Plaintiff's demand for policy limits, and (2) allegations of punitive damages, it reasonably appears that Plaintiff's claims exceed $75,000.00. (ECF No. 1 ¶12).

The Court questions whether this language in the Notice *plausibly alleges* that Defendants have met their burden. The first allegation, relating to Plaintiff's demand for policy limits, is completely vague. Defendants have provided no allegation as to the amount of policy limits allegedly demanded by Plaintiff. Also impermissibly vague is Defendants' reliance on

Plaintiff's claim for punitive damages. The Tenth Circuit has noted that a defendant's use of the words "punitive damages," without more, does not automatically justify the removal of a case on the theory that punitive damages in some unspecified amount may be possible. *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247-48 (10th Cir. 2012).[1]

The *Dart Cherokee* case clarified the procedure to be employed when a defendant's assertion of the amount in controversy is questioned by the plaintiff or by the Court. "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC,* 135 S. Ct. at 554.[2] The Court cited H.R.Rep. No. 112-10, p. 16 (2011): "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies." The Supreme Court noted that evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation in the notice of removal. *Dart Cherokee Basin Operating Co., LLC,* 135 S. Ct. at 554.

---

[1] A defendant seeking to remove because of a claim for punitive damages "must affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[ke] it *possible*" that punitive damages are in play. *McPhail v, Deere & Co.* 529 F.3d at 955. In the context of punitive damages, the Tenth Circuit has indicated that in satisfying his burden on removal a defendant need not prove that a plaintiff is more likely than not to actually recover punitive damages, but rather that (1) state law permits punitive damages for the claims in question; and, (2) the total award, including compensatory and punitive damages, could exceed the jurisdictional amount. *Frederick,* 683 F.3d at 1248.

[2] In the *McPhail* case, the Tenth Circuit gave examples of the various ways that facts establishing the amount in controversy, for purposes of removal, may be proven. *McPhail,* 529 F.3d at 954.

### IV.  CONCLUSION

#### A.  Citizenship of the Parties

**IT IS HEREBY ORDERED** that Defendants are hereby granted **THIRTY (30) DAYS** leave to amend the Notice of Removal to properly allege diversity of citizenship, as to each of the three parties herein, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.  No other amendment to the Notice of Removal shall be allowed.

**IT IS FURTHER ORDERED** that if such an amended Notice is not filed within **THIRTY (30) DAYS** of the date of entry of this Order, the Court will remand this case to the First Judicial District Court for the County of Santa Fe, State of New Mexico.

#### B.  Amount in Controversy

**IT IS FURTHER ORDERED** that the parties are hereby granted **THIRTY (30) DAYS** in which to submit proof to the Court that the jurisdictional amount in controversy amount will or will not be plausibly met.  The Court reserves its judgment on the issue of subject matter jurisdiction, pending receipt of such proof from the parties.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**